BANKERS LIFE INSURANCE COMPANY OF LINCOLN, NE-
BRASKA V. THOMAS L. STEPHENS.

FILED FEBRUARY 2, 1898.　No. 7807.

Insurance: CONSTRUCTION OF CONTRACT FOR COMPENSATION OF AGENT.
The contract between an insurance company and one Stephens pro-
vided for the appointment of the latter as the insurance company's
agent for an indefinite time; that his compensation for services
rendered as agent should be a certain per cent of the premiums
collected and remitted on risks written by him. Further, the con-
tract recited: "For the first fifteen months we will give you a
salary of $200 per month, and should your income from the com-
mission part of your contract run more than your salary, you
shall be entitled to the benefit of the same. In consideration of
the contract as a whole you agree to turn into the company of
insurance accepted and paid for $200,000 the first fifteen months."
*Held,* (1) That the agent was entitled to a salary of $200 per
month and the stated per cent of premiums collected for the first
fifteen months he served the company; (2) that the salary was
payable monthly; (3) that the agent's writing $200,000 insurance
during the first fifteen months of his employment was not a con-
dition precedent to his right of $200 per month and the percentage
on premiums collected during that time.

ERROR from the district court of Lancaster county:
Tried below before STRODE, J. *Affirmed.*

*Ames & Pettis,* for plaintiff in error.

*John A. Davies, R. D. Stearns,* and *E. C. Strode, contra.*

RAGAN, C.

January 20, 1892, the Bankers Life Insurance Company
of Lincoln, Nebraska, and Thomas L. Stephens entered
into a contract in writing in and by which Stephens was
appointed agent of the insurance company for an indefi-
nite time. The contract was in words and figures as
follows:

"*Thomas L. Stephens, Glenwood, Iowa:* You are hereby
appointed an agent of the Bankers Life Insurance Com-
pany of Nebraska, for field work under the management
of said company, with authority to secure applications

for insurance, collect and remit first premiums, and to perform such other duties as may be required of you in this behalf, subject to all the rules and regulations of this company and such other instructions as shall be communicated to you from time to time by said company. It shall be your duty:

"First—To thoroughly inform yourself of the company's plans and advantages, and to make them publicly known throughout the limits of your agency.

"Second—To use your best efforts and your greatest skill in promoting the company's business by canvassing personally for acceptable applications for insurance in said company, and in guarding its interests generally.

"Third—To receive all moneys and other securities received by you on account of said company in a fiduciary trust, and transmit the same to the home office at once, together with a report in detail, embracing every item of business done by or through you not previously reported.

"Fourth—To execute and maintain in behalf of said company a bond in the sum of $500, with good and sufficient sureties, conditioned for the faithful performance of all your obligations under this appointment.

"You are not authorized to alter, make, or discharge contracts, or to bind the company in any way.

"The compensation to be allowed for services properly rendered under this appointment shall be a commission upon the premiums actually collected and remitted upon the policies secured by it through you as follows: Sixty per cent of the first year premiums on fifteen and twenty payment life, twenty year endowment, ordinary life, ten year renewal, and twenty year bond; fifty per cent on ten payment life and fifteen year endowment. Also a ten per cent annual renewal interest on each policy written by or through you for four years succeeding the first year, and this shall be construed to mean that a ten per cent renewal interest shall be paid each year for four years on all policies written by or through you when premi-

ums have been collected and paid for, said four years to commence one year from date of policy. (But all your interest under this contract shall cease at any time your connection with this company is severed, except that if such severance is made by the company you shall be entitled to, and the company hereby agrees to pay you, two annual renewals of ten per cent each on all premiums collected and paid for on all policies written by or through you or your sub-agents, such payment being in lieu of the four ten per cent annual renewals specified herein.) Neither sickness or death shall annul any of your interest under this contract.

"You are hereby authorized to hire sub-agents, and any difference between what you pay them and your contract will be credited to your account.

"This appointment may be revoked at any time upon one year's previous notice in writing, should you fail to comply with any of its conditions, or should the amount of new business secured by you not prove remunerative, or should the business not be conducted in a satisfactory manner.

"For the first fifteen months we will give you a salary of $200 per month, and should your income from the commission part of your contract run more than your salary, you shall be entitled to the benefit of the same. In consideration of the contract as a whole, you agree to turn into the company of insurance accepted and paid for $200,000 the first fifteen months in any or all of the following kinds of policies: Ten, fifteen, and twenty payment life; fifteen and twenty year endowment; twenty year bond; ten, fifteen, and twenty payment life, with extended insurance.

"I hereby accept the foregoing appointment and agree to comply with its terms and conditions."

In the district court of Lancaster county Stephens brought this suit against the insurance company, alleging that he entered upon the duties contracted to be performed by him by virtue of such contract and continued

in the performance of such duties for the insurance company for a period of ten months immediately after January 20, 1892; that at the end of that time the insurance company, having wholly failed to perform its part of the agreement, wrongfully discharged him from its employ, and then and thereafter refused to permit him to longer continue in its employ; that he was at all times during the fifteen months immediately following the date of such contract able, ready, and willing, and repeatedly offered and held himself out as being ready and willing, to do and perform all the duties and obligations required of him by said contract.  By this action Stephens sought to recover from the insurance company fifteen months' salary at $200 per month.  He had a verdict and judgment, and the insurance company brings the case here for review on error.

The only contention of the plaintiff in error, which we notice, is that the district court erred in the construction placed by it upon the contract between the parties. The insurance company's construction of the contract is that Stephens was to be paid for the first fifteen months of his employment a compensation at the rate of $200 per month, provided that during said time he wrote and turned into the insurance company risks accepted by the company, and on which the premiums had been paid, aggregating $200,000.  On the other hand, Stephens' construction of the contract was and is that in any event he should be paid a compensation of $200 per month for the first fifteen months that he served the company and the commissions provided by the contract on all risks procured during that time.  A further contention of Stephens was that this salary of $200 per month was payable monthly.  The district court adopted the construction of the contract contended for by Stephens.  We are of opinion that the construction placed upon the contract by the district court was the correct one, and its judgment is

AFFIRMED.